DECISION AND JOURNAL ENTRY
Defendant Frederick W. Federan has appealed from a judgment of the Summit County Common Pleas Court that found him guilty on one count of driving under the influence of alcohol. This Court reverses and remands the cause for resentencing.
 I.
On July 17, 1999, Defendant was arrested for driving under the influence of alcohol (DUI), weaving, and driving with a suspended license (DUS). Within the past six years, Defendant had three prior convictions for identical or similar offenses of driving under the influence.
On January 10, 2000, Defendant pled guilty to the DUI, a fourth-degree felony; weaving, a minor misdemeanor; and DUS, a first-degree misdemeanor. The trial court sentenced Defendant to fifteen months in the state penal system, with the first sixty days to be served in the Summit County Jail. Defendant timely appealed, asserting two assignments of error.
 II. A. Assignment of Error Number One The trial court erred in sentencing [Defendant] to a term of imprisonment upon his plea of guilty to a first time violation of [R.C. 4511.19(A)(1)] resulting in a conviction for a felony of the fourth degree.
 In his first assignment of error, Defendant has argued that the trial court erroneously sentenced him for his first felony DUI, pursuant to R.C. 2929.13(G)(1). This Court agrees.
R.C. 4511.99(A)(4)(a) provides:
 If, within six years of the offense, the offender has been convicted of or pleaded guilty to three or more violations of division (A) or (B) of section 4511.19 of the Revised Code * * *, or if the offender previously has been convicted of or pleaded guilty to a violation of division (A) of section 4511.19 of the Revised Code under circumstances in which the violation was a felony and regardless of when the violation and the conviction or guilty plea occurred, the offender is guilty of a felony of the fourth degree. The court shall sentence the offender in accordance with sections 2929.11 to 2929.19 of the Revised Code and shall impose as part of the sentence a mandatory term of local incarceration of sixty consecutive days of imprisonment in accordance with division (G)(1) of section 2929.13 of the Revised Code or a mandatory prison term of sixty consecutive days of imprisonment in accordance with division (G)(2) of that section, whichever is applicable.
R.C. 2929.13(G) provides, in pertinent part:
 Notwithstanding divisions (A) to (E) of this section, if an offender is being sentenced for a fourth degree felony OMVI offense, the court shall impose upon the offender a mandatory term of local incarceration or a mandatory prison term in accordance with the following:
 (1) Except as provided in division (G)(2) of this section, the court shall impose upon the offender a mandatory term of local incarceration of sixty days as specified in division (A)(4) of section 4511.99 of the Revised Code and shall not reduce the term pursuant to section 2929.20, 2967.193 [2967.19.3], or any other provision of the Revised Code. The court that imposes a mandatory term of local incarceration under this division shall specify whether the term is to be served in a jail, a community-based correctional facility, a halfway house, or an alternative residential facility, and the offender shall serve the term in the type of facility specified by the court. The court shall not sentence the offender to a prison term and shall not specify that the offender is to serve the mandatory term of local incarceration in prison.
Finally, R.C. 2929.16(A) provides:
 * * * The court imposing a sentence for a fourth degree felony OMVI offense upon an offender who is required to serve a mandatory term of local incarceration pursuant to division (G)(1) of section 2929.13 of the Revised Code may impose upon the offender, in addition to the mandatory term of local incarceration, a community residential sanction or combination of community residential sanctions under this section, and the offender shall serve or satisfy the sanction or combination of sanctions after the offender has served the mandatory term of local incarceration required for the offense. Community residential sanctions include, but are not limited to, the following:
* * *
 (3) If the offender is convicted of a fourth degree felony OMVI offense and is sentenced pursuant to division (G)(1) of section 2929.13 of the Revised Code, * * * a term of up to one year in jail less the mandatory term of local incarceration of sixty consecutive days of imprisonment imposed pursuant to that division[.]
 It is undisputed that due to Defendant's prior convictions, the offense in question was a fourth-degree felony and, therefore, subject to R.C. 4511.99(A)(4)(a). As a result, the trial court should have sentenced him pursuant to R.C. 2929.13(G)(1) and 2929.16(A)(3). See State v. Cox (Apr. 12, 2000), Summit App. No. 19773, unreported, at 4. Defendant's first assignment of error is sustained.
 B. Assignment of Error Number Two The trial court erred in sentencing [Defendant] to a term of imprisonment based on the prior criminal history available on the record and the sentencing requirements of [R.C. 2929.13] and [R.C. 2929.14].
 In his second assignment of error, Defendant has asserted that the trial court erred in sentencing him to the maximum term for a fourth-degree felony. Essentially, Defendant has argued that the evidence in the record did not support his sentence. Based on this Court's determination of Defendant's first assignment of error, his second assignment of error is moot. App.R. 12(A)(1)(c).
 III.
Defendant's first assignment of error is sustained. His second assignment of error is moot. The trial court's judgment is reversed and the cause is remanded for sentencing proceedings consistent with this opinion.
Judgment reversed and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
 ___________________________ BETH WHITMORE
SLABY, P. J. CARR, J. CONCUR